IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT SLOAN § | | |
| (Hays County #896395) § | | |
| § | | |
| V. § | A-21-CV-741-LY | |
| § | | |
| GARY CUTLER § | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff Scott Sloan's complaint and motion for preliminary injunction or temporary restraining order. Sloan, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

## I. STATEMENT OF THE CASE

At the time he filed his complaint, Sloan was confined in the Hays County Jail. Sloan is charged with violation of a protective order (two or more times within twelve months) and continuous violence against the family. Sloan has been granted permission to represent himself *pro se* in his criminal proceedings.

Although his complaint is not a model of clarity, Sloan appears to bring his complaint pursuant to 42 U.S.C. § 1983 wherein he seeks $10 million in damages against Hays County Sheriff Gary Cutler. In his complaint and in his motion for injunctive relief Sloan also seeks his immediate release from jail. Because Sloan is a pretrial detainee, his request for an immediate release is construed as a request for *habeas corpus* relief pursuant to 28 U.S.C. § 2241.

Sloan generally alleges his incarceration is wrongful. He appears to base this claim on his extradition from Indiana. He further alleges that the Hays County indictment procedures are fraudulent. Sloan claims Sheriff Cutler has not brought forth the accused to the grand jury for testimony or for witness testimony. Sloan believes Sheriff Cutler is staging the indictment proceedings for revenue and county funding. He further alleges Sheriff Cutler failed to inform his peace officers that an out-of-state protective order has to be served in order to be enforced.

## II. DISCUSSION

### A.     Legal Standard

According to 28 U.S.C. § 1915A(b)(1), the court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest

which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke,* 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), the court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

      1.      Wrongful Incarceration (Count 1)

Sloan asserts he was arrested in Indiana on March 21, 2021, on a warrant out of Hays County, Texas. Sloan asserts his arrest was improper because the warrant was issued March 23, 2021, two days after his arrest.

Sloan fails to state a claim upon which relief can be granted against Sheriff Cutler, the only defendant named in this case. Sloan fails to allege Sheriff Cutler was personally involved in his arrest in Indiana. This failure is fatal to his claims. *See Brinkmann v. Dallas County Deputy Sheriff*

*Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing "[p]ersonal involvement is an essential element of a civil rights cause of action"). "Supervisory officials are not liable under § 1983 for the actions of subordinates on any theory of vicarious liability;" they must have been "personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lt. Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017).

        2.      Grand Jury Proceedings (Count 2)

Sloan alleges Sheriff Cutler failed to bring him forward for proceedings before the grand jury. He cites a variety of state procedures regarding grand jury proceedings and alleges they are all duties of the sheriff. *See* Tex. Code Crim. Proc. Ann. arts. 20A.258, 20A.201, 20.17(a)(c)(1), 19.27, 25.01.

Construing Sloan's claim as liberally as possible, Sloan appears to be complaining he was not brought before the grand jury to testify before he was indicted. Contrary to Sloan's contention, none of the articles cited by him command the sheriff to do anything. Moreover, none of the articles require the testimony of the accused. As such, Sloan fails to allege a valid violation of his constitutional rights.

        3.      Out-of-State Protective Orders (Count 3)

Sloan alleges Sheriff Cutler failed to inform his peace officers of the correct procedures regarding out-of-state protective orders. Specifically, he alleges Hays County deputies have not been informed that they must make sure that the protective order has been served in order to be enforced. Because of this, Sloan believes his indictment is fraudulent.

Construed liberally, Sloan may be alleging a violation of his rights under the Fourth Amendment. Sloan relies on Section 88.004 of the Texas Family Code. Section 88.004 provides:

>   (a) A law enforcement officer of this state, on determining that there is probable cause to believe that a valid foreign protective order exists and that the order has been violated, shall enforce the foreign protective order as if it were an order of a tribunal of this state. A law enforcement officer has probable cause to believe that a foreign protective order exists if the protected individual presents a foreign protective order that identifies both the protected individual and the respondent and on its face, is currently in effect.
>
>   (b) For the purposes of this section, a foreign protective order may be inscribed on a tangible medium or may be stored in an electronic or other medium if it is retrievable in a perceivable form. Presentation of a certified copy of a protective order is not required for enforcement.
>
>   (c) If a protected individual does not present a foreign protective order, a law enforcement officer may determine that there is probable cause to believe that a valid foreign protective order exists by relying on any relevant information.
>
>   (d) A law enforcement officer of this state who determines that an otherwise valid foreign protective order cannot be enforced because the respondent has not been notified or served with the order shall inform the respondent of the order and make a reasonable effort to serve the order on the respondent. After informing the respondent and attempting to serve the order, the officer shall allow the respondent a reasonable opportunity to comply with the order before enforcing the order.
>
>   (e) The registration or filing of an order in this state is not required for the enforcement of a valid foreign protective order under this chapter.

Sloan's claim against Sheriff Cutler fails under the independent-intermediary doctrine. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010). "Under that doctrine, if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for the Fourth Amendment violation." *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011). The rule applies even if the intermediary acted after the arrest. *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir.

2016). It does not apply, though, if "it can be shown that the deliberations of [the] intermediary were in some way tainted by the actions of the defendant." *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988).

Sloan fails to allege that Sheriff Cutler tainted the grand jury proceedings. Accordingly, the grand jury's indictment broke any casual chain between Sloan's arrest and Sheriff Cutler's alleged failure to train or supervise.

    4.    Official Capacity Claims

To the extent Sloan sues Sheriff Cutler in his official capacity his claims are construed as claims brought against Hays County. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Hays County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986).

Sloan fails to identify a policy, practice or custom of Hays County that caused a deprivation of his constitutional rights. Thus, his claims against Sheriff Cutler in his official capacity fails.

### B.  *Habeas Corpus* Claims

To the extent Sloan seeks his immediate release, he must seek such relief in a petition for writ of *habeas corpus* after he exhausts his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is *habeas corpus* relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

The Court should not sever Sloan's claims seeking *habeas corpus* relief from this action. Sloan already filed a petition for writ of *habeas corpus* in Cause No. A-21-CV-602-LY. On September 30, 2021, the Court dismissed the petition without prejudice for failure to exhaust state court remedies. To date, Sloan has not exhausted his state court remedies. He admits he has filed more than 17 petitions for writ of *habeas corpus* but complains they have been ignored and are pending in state court.

### III. CONCLUSION

To the extent Sloan seeks monetary damages he fails to state a claim upon which relief can be granted against Sheriff Cutler. To the extent he seeks an immediate release Sloan must file a petition for writ of *habeas corpus* after he exhausts his state court remedies.

### IV. RECOMMENDATION

It is therefore recommended that Sloan's claims seeking monetary relief be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e) and Sloan's claims and motion for injunctive relief, seeking an immediate release, be **DISMISSED WITHOUT PREJUDICE** to filing a petition for writ of *habeas corpus* after he

exhausts his state court remedies. To the extent the Court dismisses Sloan's claims seeking an immediate release, the Court should deny Sloan a certificate of appealability.

It is further recommended that Sloan be warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this report and recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## V. OBJECTIONS

Within 14 days after receipt of the report and recommendation, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** this 7th day of December 2021.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE